IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                   :
JAMES McQUILKIN,                   :      HON. JEROME B. SIMANDLE
                                   :
            Plaintiff,             :      Civil No. 11-652 (JBS/AMD)
                                   :
     v.                            :
                                   :           OPINION
DELAWARE RIVER PORT AUTHORITY,     :
                                   :
            Defendant.             :
                                   :
```

APPEARANCES:

Stephen G. Console, Esq.
Andrew L. Mackerer, Esq.
CONSOLE LAW OFFICES LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
     Attorneys for Plaintiff James McQuilkin

William F. Cook, Esq.
William M. Tambussi, Esq.
BROWN & CONNERY
360 Haddon Avenue
Westmont, NJ 08108
     Attorneys for Defendant Delaware River Port Authority

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter is presently before the Court on the Defendant Delaware River Port Authority's ("Defendant") motion to dismiss Plaintiff James McQuilkin's ("Plaintiff") complaint for failure to state a claim.  [Docket Item 8.]  The instant action alleges discrimination in violation of the Age Discrimination in

Employment Act.  The Defendant argues that the complaint should be dismissed because a portion of Plaintiff's claim is time barred; the Plaintiff fails to state a claim for discrimination and retaliation; and the Plaintiff seeks compensation for damages which are not cognizable under the Age Discrimination in Employment Act.

The Plaintiff has filed opposition.  The Plaintiff maintains that its complaint is timely, sufficiently states a claim for both retaliation and discrimination, and seeks damages which are cognizable under the Age Discrimination in Employment Act.

For the reasons stated below, the Court will grant in part and deny in part Defendant's motion to dismiss.

## II.  BACKGROUND

The instant action alleges that the Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), when the Defendant lowered the job grade level of the Grants Specialist position after the Plaintiff was offered and accepted the position.

The complaint alleges that Plaintiff was hired by the Defendant on or about July 1987 as a toll collector. (Comp. ¶ 16.)  On or about 1997, the Plaintiff began attending law school and was reimbursed by the Defendant for his first year of tuition. (Comp. ¶¶ 17-18.)  However, the Defendant subsequently

2

told the Plaintiff that he would no longer receive tuition reimbursement despite the continuing tuition reimbursement given to younger employees. (Comp. ¶ 18.)  From 2001 to 2004, the Plaintiff made unsuccessful requests to the Defendant for reimbursement of his tuition expense.  (Comp. ¶ 20.)

In 2004, the Plaintiff went to the EEOC office in Philadelphia, PA, and filled on an EEOC Intake Questionnaire complaining that the Defendant had discriminated against him on the basis of his age in denying him tuition reimbursement. (Comp. ¶ 23.)  The Plaintiff informed the Defendant's Chief of Human Resources and Equal Employment Officer, Toni Brown, that he had filled out the EEOC Intake Questionnaire.  (Comp. ¶ 24.)  Shortly after his meeting with Ms. Brown, the Defendant approved Plaintiff's request for tuition reimbursement and paid the Plaintiff for his tuition expense. (Comp. ¶ 25.)

In January 2005, the Plaintiff transferred to the government relations department to work as a Grants Specialist.  (Comp. ¶ 26.)  When the Plaintiff applied for the position, he was informed by the head of the department that a Grants Specialist was a grade level 11.  (Comp. ¶ 26.)  The application for the Grants Specialist position also indicated the position was a grade level 11.  (Comp. ¶ 26.)

After being offered the position as Grants Specialist, the Plaintiff learned that the Defendant had classified the position

a grade level 8 which is compensated at a lower rate than grade level 11 positions.  (Comp. ¶ 26.)  The Plaintiff talked to his supervisor, Linda Hayes, who agreed that the Grants Specialist position should be compensated at grade level 11.  (Comp. ¶ 28.)

After several requests by Ms. Hayes, in June 2007, the Defendant hired the Hay Group, an independent Human Resources consultant, to analyze the proper grade for Plaintiff's position. (Comp. ¶ 29.)  The Hay Group recommended the position of Grants Specialist be classified as grade level 10.  (Comp. ¶ 29.)

From January 2009 to September 2009, Ms. Hayes' supervisor, Mr. Shanahan, met with Ms. Brown, the Chief of Human Resources, about increasing Plaintiff's job grade level to at least grade level 10 which was recommended by the Hay Group.  (Comp. ¶¶ 31-32.)  The Defendant continued to refuse to raise Plaintiff's grade level beyond level 8 and purportedly stated that education was the reason.  (Comp. ¶ 34.)

In January 2010, the Plaintiff retired from the Defendant. (Comp. ¶ 36.)  At the time the Plaintiff retired, he was still being compensated at a grade level 8 for his position as a Grants Specialist.  (Comp. ¶ 36.)

The Plaintiff then filed the instant action on February 4, 2011.  [Docket Item 1.]  The Plaintiff was then 63 years old. (Comp. ¶ 15.)  The Plaintiff alleges the Defendant's refusal to increase the grade level of the Grants Specialist position

violated the ADEA.  First, the Plaintiff alleges that Defendant's actions were retaliatory and in response to Plaintiff's complaints of age discrimination with regard to his tuition reimbursement.  (Comp. ¶ 27.)  The Plaintiff further alleges that Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff.  (Comp. ¶ 39.) The Plaintiff maintains that the Defendant's discriminatory failure to reclassify Plaintiff's position at the appropriate grade level adversely affected Plaintiff's salary since 2005 and Plaintiff's pension benefits.  (Comp. ¶¶ 37-38.)

The Plaintiff alleges he suffered a loss of earnings, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish and loss of life's pleasures as a result of the Defendant's conduct. (Comp. ¶ 42.)  The Plaintiff also seeks liquidated damages against the Defendant as he alleges the Defendant's discriminatory and retaliatory acts were willful and intentional.  (Comp. ¶ 43.)

The Defendant then filed the instant motion to dismiss.  The Defendant argues that the Complaint should be dismissed on several grounds.  First, the Defendant maintains that Plaintiff's claim as to pay received before December 27, 2008 is time-bared under the ADEA.  Second, the Defendant argues that the Plaintiff has failed to state claim for retaliation or discrimination because there was no adverse employment action, there are no

facts pled which show a causal nexus between the tuition reimbursement and the salary for his position as a Grants Specialist and the complaint does not identify any person sufficiently younger than the Plaintiff in a similar position who was not subject to the alleged adverse action.  Finally, the Defendant argues that courts have consistently held that damages for pain and suffering, emotional distress or punitive damages are not cognizable under the ADEA and Plaintiff's claims for these damages should be dismissed.

The Plaintiff opposes the motion to dismiss.  First, the Plaintiff argues that his complaint is timely and that whether the Plaintiff can seek a claim for pay received before December 27, 2008 is a damages issue that is not properly considered at this early stage of the litigation.  Second, the Plaintiff contends that he has stated a claim for both discrimination and retaliation under the ADEA.  Finally, the Plaintiff concedes that he is not entitled to a recovery for emotional distress or punitive damages.  However, the Plaintiff argues that his allegation for liquidated damages is appropriate and should not be dismissed.

## III.  DISCUSSION

### A.  Standard of Review

The sufficiency of pleadings in federal court is governed by

6

Rule 8, Fed. R. Civ. P., among others, a rule that is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The rule provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is not a high bar. As the Third Circuit Court of Appeals has affirmed, "the Federal Rules do not require a claimant to set out in detail the facts upon which he bases his claim. Rather, the complaint must only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Thomas v. Independence Tp., 463 F.3d 285, 295 (3d Cir. 2006) (internal quotations and citations omitted).

Some facts, however, are necessary. In order to give Defendant fair notice, and to permit early dismissal if the complained-of conduct is not unlawful, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability. Twombly, 550 U.S. at 555; Fed. R. Civ. P. 11(b)(3). These factual allegations must present a plausible basis for relief (i.e. something more than the mere possibility of legal misconduct). See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

In its review of Defendants' motion to dismiss pursuant to

Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  And on this procedural posture, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted).

**B. Is Plaintiff's Complaint Time Barred?**

The Defendant argues that the Plaintiff's claim alleging age discrimination is time-barred as to pay received before December 27, 2008.  The Defendant does not dispute that Plaintiff's claim is timely filed with regard to pay received on or after December 27, 2008 and therefore, the claim is not barred by a statute of limitations problem.  However, in this case, the Defendant maintains that to pursue an employment discrimination claim under the ADEA, an employee must first file a charge with the EEOC within 300 days of an adverse employment action or of notification of such an action.  The Plaintiff did not file a charge here until October 23, 2009.  Consequently, the Defendant urges this court to hold that the Plaintiff may not seek damages for allegedly discriminatory compensation between January 2005

8

and December 27, 2008 (300 days prior to October 23, 2009).

The Defendant's motion is premature.  In the Third Circuit, a statute of limitations defense may only be raised in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (citing Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975).  "When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. " Cito v. Bridgewater Township Police Dep't., 892 F.2d 23, 25 (3d Cir. 1989).  Otherwise, a limitations defense is considered an affirmative defense that should be raised in the pleadings.  Robinson, 313 F.3d at 135.

In this case, the Defendant does not dispute that the Plaintiff's cause of action is timely.  Rather, the Defendant's argument challenges the extent of the Defendant's liability. This argument is more properly brought as an affirmative defense in the Defendant's answer and is premature in a motion to dismiss.

Therefore, the Court will deny the Defendant's motion to dismiss on this ground as this limitations defense should be raised in the pleadings.

9

**C. Does the Plaintiff's Complaint Sufficiently State a Claim Upon Which Relief Can Be Granted?**

The Plaintiff's complaint alleges retaliation and discrimination in violation of the ADEA.  The court will address both claims separately.

1.  Retaliation

A plaintiff must allege three elements in order to establish a prima facie case of retaliation in violation of the ADEA. These elements are: (1) the employee engaged in a protected activity; (2) the employee was subjected to an adverse employment action; (3) there is a causal connection between the protected activity and the adverse employment action.  Fasold v. Justice, 409 F.3d 178, 188-89 (3d Cir. 2005).

In this case, the first element is properly pled.  The Plaintiff engaged in protected activity when he filled out an EEOC Questionnaire challenging the Defendant's refusal to reimburse his tuition expenses when the Defendant had reimbursed the tuition expenses of younger employees.  (Compl. ¶ 23).  The anti-retaliation provision of the ADEA provides:

> It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d)(emphasis added).

The Plaintiff clearly participated in protected activity by

10

filling out the EEOC charge, seeking assistance from the EEOC and opposing the Defendant's denial of tuition reimbursement to older employees.  Filing a complaint with the EEOC is protected activity.  Fasold v. Justice, 409 F.3d at 188.  The Defendant's argument that the Plaintiff did not engage in protected activity because he did not actually file the EEOC charge is without merit and disregards the broad protection the ADEA provides in preventing employers from interfering with an employee's efforts to obtain statutory protections.  McInnis v. Town of Weston, 458 F. Supp. 2d 7, 14 (D. Conn. 2006).  Indeed, the protections against retaliation are sufficiently broad that it would even include the employee's "protesting what the employee believes in good faith to be a discriminatory practice," whether or not a formal complaint was filed.  Aman v. Cort Furniture, 85 F.3d 1074, 1085 (3d Cir. 1989).

In addressing the second element, the Plaintiff has also stated sufficient facts to allege an adverse employment action. The complaint avers that the Plaintiff applied for the position of Grants Specialist and was told by the Department Head during the application process that this position was to be compensated at grade level 11. (Compl. ¶ 26).  According to the complaint, all the paper work filled out by the Plaintiff during the application process indicated the position was compensated at grade level 11.  (Compl. ¶ 26).  The complaint then alleges the

Defendant downgraded the position to grade level 8 only after the Plaintiff was hired.  (Compl. ¶ 26).  As a result, the Plaintiff duly alleges he received less compensation than he was led to believe during the application process.  (Compl. ¶ 26).

These factual allegations are sufficient to meet the pleading requirements of the adverse employment action element of a retaliation claim.  The Defendant's argument that there was no adverse employment action because the Plaintiff was promoted by being hired as a Grants Specialist and his salary was not decreased by taking the position is unpersuasive.  The Plaintiff's complaint sufficiently alleges that the Plaintiff was paid less than the position was marketed as and this pay decrease was made after the Plaintiff was selected, as if aimed at him. This is sufficient to state a claim for an adverse employment action.

The Defendant's reliance on Guillen-Gonzalex v. J.C. Penney Corp., 731 F.Supp. 2d 219 (D.P.R. 2010), is misplaced.  In this case, the court granted summary judgment and dismissed a plaintiff's ADEA retaliation claim for failure to produce sufficient evidence showing an adverse employment action.  This is distinguishable from the instant case where the Plaintiff has sufficiently pled an adverse employment action and the Defendant has filed merely a motion to dismiss, not a motion for summary judgment.  The Defendant's argument is premature at this early

12

stage of the litigation.

With regard to the third element, the Plaintiff has sufficiently stated facts to allege a causal connection between the protected activity and the adverse employment action.  The Plaintiff alleges in his complaint that the Defendant lowered the grade level of the Grants Specialist Position from grade level 11 to grade level 8 in retaliation for Plaintiff's complaints of age discrimination.  (Comp. ¶ 27.)  The Plaintiff supports this conclusion with the following factual allegations: (1) The Plaintiff filled out the EEOC Questionnaire in 2004 and told Ms. Brown, the Defendant's Chief of Human Resources and Equal Employment Officers that he had been to the EEOC and filled out an intake form (Comp. ¶¶ 23-24); (2) After his conversation with Ms. Brown, the Plaintiff's request for tuition reimbursement was approved by the Defendant and the Plaintiff received his reimbursement (Comp. ¶ 25); (3) A few months later, in January 2005, the Plaintiff was hired as a Grants Specialist and immediately after he was hired, the Plaintiff learned the position was lowered from a grade level 8 to a grade level 11 (Comp. ¶ 26); (4) Education was given as the reason for the Grants Specialist position downgrade (Comp. ¶ 34).

The Plaintiff maintains that these factual allegations support a temporal proximity between the protected activity and the adverse employment decision which is sufficient to raise an

13

inference of retaliation.

Temporal proximity can be sufficient in itself to create an inference of a causal connection for the purposes of a prima facie case of retaliation.  Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000).  However, when the temporal relationship is not unusually suggestive, temporal proximity alone is insufficient to establish the necessary causal connection.  Id. at 280.  When assessing temporal proximity and causation, a court must take into account the procedural circumstance of the case and each case "must be considered with a careful eye to the specific facts and circumstances encountered." Id. at 279 n.5.  Further, a plaintiff may establish causation for purposes of his prima facie case through evidence of temporal proximity and other evidence such as inconsistent explanations given by the employer, inconsistent testimony, or a pattern of antagonism.  Id. at 281.  Importantly, there are no "exclusive ways to show causation, as the proffered evidence, looked at as a whole, may suffice to raise the inference."  Id. at 280.

The Complaint, when read as a whole, states a plausible claim for retaliation.  The Defendant reimbursed the Plaintiff for a sizable tuition bill only after the Plaintiff threatened to bring suit for age discrimination.  Shortly thereafter, the Defendant hired the Plaintiff for a new position.  However, instead of paying the Plaintiff the announced salary for the

14

position, the Defendant substantially diminished the Plaintiff's salary (and conceivably used the excess money to offset its own costs in reimbursing the Plaintiff's tuition).  These facts, when viewed as a whole, present a plausible basis for inferring causation and are sufficient to meet the requirements of Rule 8.

In summary, the Plaintiff's complaint provides sufficient factual allegations to support Plaintiff's prima facie case for retaliation; namely, that the Plaintiff engaged in protected activity, the Plaintiff suffered an adverse employment action, and a causal connection existed between the protected activity and the adverse employment action.

Therefore, the Court will deny the Defendant's Motion to Dismiss with regard to the Plaintiff's retaliation claim.

### 2.  Discrimination

The Plaintiff's complaint also attempts to state a cause of action for age discrimination under the ADEA.  In order to prove a claim for age discrimination, a plaintiff must show that his age was a determinative factor in defendant's adverse employment decision by the following four elements: (1) he is a member of the protected class; (2) he is qualified for the position in question; (3) he suffered from an adverse employment decision; and (4) the unfavorable action gives rise to an inference of age discrimination.  See Fasold v. Justice, 409 F.3d at 184 and Barnabas v. Bd. of Trs. of the Univ. of the Dist. of Columbia,

15

686 F. Supp. 2d 95, 101 (D.D.C. 2010).  Moreover, as the Supreme Court has recently stated, "to establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."  <u>Gross v. FBL Financial Services, Inc.</u>, 129 S.Ct. 2343, 2350 (2009).

Here, the Plaintiff's complaint fails to allege facts sufficient to meet the fourth element of his prima facie case. The complaint is devoid of any reference to younger employees in the Grants Specialist position or in comparable positions that did not have their pay decreased.  There are no facts alleged which give rise to an inference that the Grants Specialist position was downgraded from level 11 to level 8 compensation due to the Plaintiff's age.  The Complaint also is devoid of any allegation that the Grants Specialist title was actually designed as a surrogate position for older workers so that the downgrade had a significantly disproportionate impact on persons 40 years of age or older as would be required if Plaintiff seeks to assert an ADEA claim for disparate impact.  <u>See</u> <u>Smith v. City of Jackson</u>, 544 U.S. 228 (2005).  Consequently, in regards to the ADEA discrimination claim, the Plaintiff's complaint fails to allege facts which support a plausible basis for relief.

Therefore, the Defendant's motion to dismiss will be granted as to the Plaintiff's discrimination claim alleging a violation

of the ADEA.

### D.  What Damages are Permitted under the ADEA?

Lastly, the Defendant moves to dismiss the portion of the Plaintiff's complaint that seeks damages for pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.  The Defendant argues that these damages are not permissible under the ADEA.  The Court agrees.

A claimant under the ADEA cannot seek compensatory damages for non-pecuniary losses such as pain and suffering or emotional distress.  Rogers v. Exxon Research & Eng'g Co., 550 F.2d 834, 836 (3d Cir. 1977).  See also C.I.R. v. Schleier, 515 U.S. 323, 326 (1995) ("the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress").

Here, the Plaintiff seeks damages for several non-pecuniary losses including pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.  The ADEA does not permit recovery for these damages. Therefore, the Defendant's motion to dismiss with regard to these damages will be granted.

The Defendant also moves to dismiss the portion of Plaintiff's complaint seeking punitive damages.  The Plaintiff opposes this by arguing that he seeks liquidated damages, not punitive damages, which are permissible under the ADEA.

17

The Third Circuit has previously held that punitive damages are not available under the ADEA.  Rogers v. Exxon Research & Eng'g Co., 550 F.2d at 842, overruled on other grounds by Holliday v. Ketchum, MacLeod & Grove, Inc., 584 F.2d 1221 (3d Cir. 1978)(en banc).  Several circuit courts have also addressed the issue and denied claims for punitive damages.  See Bruno v. Western Elec. Co., 829 F.2d 957, 966-67 (10th Cir. 1987)(summarizing cases from other circuits).  Many district courts within the Third Circuit have denied claims for punitive damages under the ADEA as well.  See Kelly v. United States Steel Corp., No. 11-193, 2011 U.S. Dist. LEXIS 91123 (W.D. Pa. August 16, 2011); Lukens v. Whitemarsh Valley Country Club, No. 02-1279, 2003 U.S. Dist. LEXIS 20188 (E.D. Pa. Nov. 5, 2003); McGehean v. AF&L Ins. Co., No. 09-1792, 2009 U.S. Dist. LEXIS 92194 (E.D. Pa. Oct. 2, 2009).

However, this does not prevent a claimant from recovering liquidated damages under the ADEA because liquidated damages are specifically prescribed by the statute for willful violations.  See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125 (1985) and 29 U.S.C. § 626(b)(providing for double the amount of damages for lost wages and benefits if employer willfully violated the law).

In this case, the Plaintiff's complaint specifically requests relief in the form of "liquidated damages to Plaintiff

18

in accordance with the ADEA." (Comp. Relief §(d)). The
Complaint alleges the Defendant's violation of the ADEA was
willful and thus warrants the imposition of liquidated damages.
(Comp. ¶ 43). Several factual allegations in the complaint
support this conclusion including the Defendant's refusal to
raise Plaintiff's job grade level despite the recommendations of
Plaintiff's supervisors (Comp. ¶ 28) and the recommendation of an
independent consultant group (Comp. ¶ 36).

Therefore, the Court will deny the Defendant's motion to
dismiss with regard to the Plaintiff's request for liquidated
damages because liquidated damages are permitted under the ADEA
and the Plaintiff's complaint pleads sufficient facts to support
a plausible basis for an award of liquidated damages.

## IV.  CONCLUSION

For the reasons expressed above, the Court will grant in
part and deny in part Defendant's motion to dismiss.

The Court will deny the Defendant's motion to dismiss as to
whether the Defendant can be held liable for pay received before
December 27, 2008. This limitations argument is premature in a
motion to dismiss and should be brought as an affirmative defense
in the pleadings.

The Court will deny the Defendant's motion as to the
Plaintiff's ADEA retaliation claim since the Plaintiff's

19

complaint alleges fact sufficient to support a plausible basis
for relief.

The Court will grant the Defendant's motion with regard to
the Plaintiff's discrimination claim under the ADEA because the
Plaintiff has failed to allege facts which support an inference
of age discrimination.

Finally, as to the Plaintiff's requests for damages, the
Court will grant the Defendant's motion to dismiss with regard to
the Plaintiff's request for damages for pain and suffering,
embarrassment, humiliation, loss of self-esteem, mental anguish,
and loss of life's pleasures.  These non-pecuniary damages are
not permitted under the ADEA.  However, the Court will deny the
Defendant's motion as to liquidated damages as these are
prescribed in 29 U.S.C. § 626(b) and the Plaintiff has pled
sufficient facts to support a plausible basis for an award of
liquidated damages.

It may be possible that an amended pleading could cure the
deficiencies noted in the discrimination claim if the Plaintiff
pled sufficient grounds supporting his allegation that the
lowering of the Grants Specialist job level was due to
Plaintiff's age.   Therefore, as to this count, the dismissal
will be without prejudice to the Plaintiff moving to amend his
complaint to correct the above deficiency.   See Alston v.
Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even

when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

The accompanying Order will be entered.


**November 3, 2011**                          **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               United States District Judge